LEWIS H. SMITH, RESPONDENT, *v.* THE GOLD AND STOCK
    TELEGRAPH    COMPANY    AND    THE    WESTERN
    UNION    TELEGRAPH    COMPANY, APPELLANTS.

*Duty of a corporation, engaged in a public business, to serve all impartially — when
    regulations established by it will be held void as unreasonable — when an injunction
    will be granted although damages might be recovered in an action at law.*

In this action, brought by the plaintiff, a broker, to restrain the defendant, the
    Gold and Stock Telegraph Company, from removing from his office a "stock
    ticker," which had been placed therein by it under a contract by which the
    plaintiff was required to pay a rental of ten dollars per month, a temporary
    injunction was granted restraining the defendant from so doing during the
    pendency of the action.

*Held,* that the order should be affirmed.

That the defendant, being engaged in a business public in its nature, it must
    serve the public impartially and render equal service to all those who complied
    with such reasonable regulations as might be prescribed by it.

By the contract under which the ticker was put in the plaintiff's office, he agreed
    that the defendant might discontinue its service, without notice, whenever, in
    its judgment, the plaintiff had violated any of the conditions of the contract.

*Held,* that this was not a reasonable regulation and afforded no defense to this
    action, nor was the fact that an action at law for damages would lie in the
    plaintiff's favor a defense thereto.

APPEAL from an order made at the Kings County Special Term
continuing a temporary injunction during the pendency of this action.

The action was brought by the plaintiff to restrain the defend-
ants from removing from his office a stock "ticker" or reporting
instrument maintained and operated by the defendant, the Gold
and Stock Telegraph Company, and from doing or failing to do any
act which would in any way interfere with the receipt by plaintiff
of the quotations of the New York Stock Exchange.

The complaint, in addition to the formal allegations, avers that
the Gold and Stock Telegraph Company placed one of its instru-
ments in plaintiff's office, in consideration of which plaintiff agreed
to pay a rental of ten dollars per month.   By one of the clauses of
the contract the plaintiff agreed that the company might forthwith
discontinue its service, without notice, whenever, in its judgment,
any breach of the conditions of the contract should have been made
by him.   The complaint averred that irreparable damage to plain-

tiff would ensue upon a discontinuance of the quotation service and the removal of the stock " ticker," and that the defendants threaten and intend such discontinuance and removal.

*Dillon & Swayne,* for the appellants.

*J. W. Hawes,* for the respondent.

Pratt, J. :

It has been settled for hundreds of years that an inn-keeper is bound to receive the guest who applies for accommodations.   So is it well settled that a common carrier must receive and transport goods offered him for that purpose impartially and without discrimination between parties applying.

These obligations do not rest on contract, but on the ground that when one is engaged in a business, public in its nature, he must, if public policy requires, serve the public impartially.   The occasions for the application of this familiar principle are by no means diminished by the formation of corporations which carry on a great part of the business of the country.   And in applying these rules to a corporation, the charter of the corporation is not solely to be consulted in arriving at the measure of its obligations to the public. When the charter provides that a corporation shall engage in some specified public occupation, no doubt a reference thereto will be an easy way to establish its obligations to perform such service.   But we do not accede to the doctrine that when engaged in a business concerning the performance of which its charter is silent, a corporation is freed from the obligations which ordinarily attach to a natural person engaging in such occupation.

Had defendants in the present action answered that collecting and distributing commercial intelligence being foreign to the objects for which they are incorporated, they had in consequence abandoned that branch of their business and withdrawn their " tickers " from all offices except the plaintiff's, we should not hold that they could be compelled to carry on the business for his benefit.   But so long as collecting and supplying quotations is carried on by them, as it is conceded to be at present, they should render equal and impartial service to those who comply with reasonable regulations.

What regulations are reasonable may not in all cases be easy to

determine. But there need be no hesitation in saying that the clause in their contract permitting them to discontinue the service when *in their judgment* a breach of conditions has been had, is not a reasonable regulation and affords no defense to this action. No man can be judge in his own case, and to justify defendants in refusing to perform service, there must be a reason that the court can pronounce sufficient.

Nor is it a defense to the action that an action at law for damages would lie in plaintiff's favor. It is easy to see that accurate proof of the amount of damage sustained would be impracticable ; and where a right is clear, the fact that a defendant is able and willing to pay for the liberty of infringing upon it, is not a very satisfactory ground for refusing an injunction.

The order continuing the injunction must be affirmed, with costs and disbursements.

Present — Barnard, P. J., Dykman and Pratt, JJ

Order affirmed, with costs and disbursements.